UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TONY AL-BESHRAWI | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 04-0743 (RCL) |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| CARLOS M. GUTIERREZ, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant's motion to dismiss [7], or in the alternative, motion to transfer [7] and plaintiff's opposition [19]. Also before the Court is plaintiff's first motion for leave to file an amended complaint [32] and waiver pursuant to the Tucker Act, defendant's opposition [34] and plaintiff's reply thereto [39]. Additionally before the Court is plaintiff's motion for leave to file a second amended complaint [40]. Upon consideration of the filings, the entire record herein and the relevant law, the Court will deny as moot plaintiff's first motion for leave to file an amended complaint [40]. Furthermore, this Court will grant defendant's motion to transfer [7] in part and will dismiss the case in part.

**I.   Procedural Posture**

Plaintiff, Tony Al-Beshrawi, a resident of Maryland, was employed by the United States Patent and Trademark Office ("USPTO") as a Patent Examiner from June 19, 2000 though

March 29, 2004.  (See Defendant's "Def.'s" Mot. from November 1, 2004, Ex. 1, Declaration of Valencia Martin-Wallace "Martin-Wallace Decl."; see also Plaintiff's "Pl.'s" Second Amended Compl. "2d Am. Compl." ¶ 3.)  On May 6, 2004, Plaintiff filed a complaint with this Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Rehabilitation Act, 29 U.S.C. § 791 et seq. and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Pl.'s Original Complaint "Compl." ¶ 1.)  In his complaint, plaintiff alleges that defendant retaliated against plaintiff for participating in protected activities by charging him with being "AWOL." (Id. ¶ 10.) Plaintiff further alleges that his supervisor made remarks concerning plaintiff's religion and that defendant failed to provide the appropriate accommodation for an alleged injury on the job, withheld medical reports from the Department of Labor, Office of Workers Compensation Program, resulting in the denial of plaintiff's claim, and refused to pay plaintiff his last pay check plus all annual leave. (Compl. ¶¶ 6-20.)

On November 1, 2004, defendant filed a motion to dismiss, or in the alternative a motion to transfer, which was followed by a memorandum in opposition by plaintiff on January 9, 2005. On March 8, 2005, plaintiff filed a motion to amend his complaint, in which he sought to amend the amount allegedly owed to him by defendant, while also seeking to add additional facts as well as a request for a waiver document pursuant to the Tucker Act. (See Pl.'s Mot. from March 8, 2005; Pl.'s First Amended Compl. "1st Am. Compl.".)  On June 21, 2005 plaintiff filed another motion to amend his complaint a second time seeking to include allegations contained in plaintiff's hearing before the Merit Systems Protection Board ("MSPB").  (See Pl.'s Mot. from June 21, 2005; 2d Am. Compl..)  In plaintiff's second amended complaint, plaintiff added

additional claims against defendant pursuant to the Privacy Act, 5 U.S.C. § 552a, and the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), in addition to his original claim against defendant pursuant to Title VII, the Rehabilitation Act and the FLSA. (2d Am. Compl. ¶ 1.) Plaintiff does not, however, include his original ADA claim in his second amended complaint. (See id.)

## II.     Defendant's Motion to Transfer Venue

Defendant argues that plaintiff's Title VII and Rehabilitation Act claims are not properly before this Court, and instead venue for these claims would be proper in the Eastern District of Virginia. (Def.'s Mot. from November 1, 2004 at 1.)  Defendant also argues that venue is not proper for plaintiff's FLSA claim. (Id.)  Accordingly, pursuant to Rule 12(b)(3), defendant has moved to dismiss or in the alternative to transfer plaintiff's Title VII, Rehabilitation Act and FLSA claims for improper venue.  The statute permitting transfer, 28 U.S.C. § 1404(a), states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  District courts have broad discretion to grant or deny parties' requests for transfer; however, that discretion is not untrammeled.  In re Scott, 709 F.2d 717, 719 (D.C. Cir. 1992).  The grant or denial must be "according to an individualized, case-by-case consideration of convenience and fairness."  Stewart Org., Inc. v. Richo Corp, 487 U.S. 22 (1988) (internal quotations omitted).  But even before a district court may exercise its discretion, the transfer statute requires the district court to ascertain whether the receiving court would be a place of proper venue. Id. at 720; Trout Unlimited v. Dep't of Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).

### 1.     Venue for Plaintiff's Title VII Claim

As a general rule, venue must be established for each cause of action. See Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978). Venue for plaintiff's Title VII action is governed by 42 U.S.C. § 2000e-5(f)(3). According to this statute, venue is proper for a Title VII claim in any of three judicial districts: (1) in the judicial district in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). Furthermore, only if "respondent is not found within any such district, [may] such an action...be brought within the judicial district in which the respondent has its principal office." Id.; see also Shipkovitz v. Mosbacher, 1991 WL 251864, at *7 (D.D.C. November 12, 1991).

During the time of defendant's alleged violations, plaintiff was employed by the United States Patent and Trademark Office ("USPTO"), a bureau of the Department of Commerce ("DOC"). (2d Am. Compl. ¶ 22.a.) According to Valencia Martin-Wallace, the Acting Operations Manager in the Office of Human Resources at the USPTO, the USPTO is located in Arlington, VA, and plaintiff was employed as a Patent Examiner at this location from June 19, 2000 through March 29, 2004. (Martin-Wallace Decl. ¶ 4.) Furthermore, according to Ms. Martin-Wallace, "[e]mployee records for all USPTO employees, including their Official Personnel Files (OPF's), performance appraisals, and training records, are officially kept by the [Office of Human Resources] in Arlington, VA." (Id. ¶ 3.) Additionally, in regards to the third point of the Title VII venue provision, plaintiff argues that he "has repeatedly made oral and written requests to be transferred to [the Department of Commerce in Washington, DC]," and as

such, plaintiff "would have worked in Washington, DC but for alleged unlawful employment practices." (Pl.'s Resp. from April 29, 2005 at 28-29.) Plaintiff, however, has presented no convincing evidence that these requests were actually made, or that a position within the Department of Commerce in Washington, DC was likely.[1] Accordingly, pursuant 42 U.S.C. § 2000e-5(f)(3), venue for plaintiff's Title VII claim is not proper in the District of Columbia, and is instead proper in the judicial district in which unlawful employment practice is alleged to have been committed as well as the district in which the employment records relevant to such practice are maintained and administered. The Eastern District of Virginia is the proper district under both situations.

Plaintiff argues that because the USPTO is a bureau of the Department of Commerce, which has its headquarters in Washington, DC, venue is proper in the District of Columbia. (Pl.'s Memorandum "Mem." from January 9, 2005 at 8.) This argument is flawed, however, since according to the venue provision for a Title VII claim, only "if the respondent is not found within any such district [as outline above], [may] such an action...be brought within the judicial district in which the respondent has his principal office." 42 U.S.C. § 2000e-5(f)(3). Since defendant can be found in the Eastern District of Virginia, venue is proper in that district.

**2.      Venue for plaintiff's Rehabilitation Act Claim**

Plaintiff also brought a claim against defendant pursuant to the Rehabilitation Act, 29

---

[1] Plaintiff attached two emails to an affidavit allegedly containing two requests to his supervisor from a union representative within USPTO, one of which contained the subject line "transfer." The only other information contained in these emails were computer generated notices that the emails were deleted by the recipient without being read. Plaintiff presented no further information regarding these requests for transfers, or the types of positions sought. (Al-Beshrawi Aff. from November 15, 2004, Ex. 1 at 1-2.)

U.S.C. §§ 791 et seq.. (Compl. ¶ 1; 2d Am. Compl. ¶ 1.)  Defendant has moved to dismiss, or in the alternative, transfer plaintiff's Rehabilitation Act claim to the Eastern District of Virginia. (Def.'s Mot. from November 1, 2004 at 6-7.)  As with his Title VII claim, plaintiff argues that venue is proper in the District of Columbia.  Since the Rehabilitation Act is governed by the same venue provision as Title VII to the extent that the claims intersect, however, venue for plaintiff's Rehabilitation Act claim is also proper in the Eastern District of Virginia. (See 29 U.S.C. § 794a(a)(1); see also Archuleta v. Sullivan, 944 F.2d 900, 1991 WL 179071, at *6 (4th Cir. Sept. 13, 1991); Fields v. Lyng, 1988 WL 49152, at *1 (D.D.C. May 4, 1988) (Richey, J.).

**4. Venue for Plaintiff's Original ADA Claim**

In his first complaint, Plaintiff alleged claims against defendant pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (Compl. ¶ 1.)  Plaintiff does not, however, include these claims in his second amended complaint. (See 2d Am. Compl. ¶ 1.)  Since the second amended complaint supercedes both the original complaint and the first amended complaint, the second amended complaint has become the operative complaint in the case, and the original complaint no longer controls the litigation. Washer v. Bullit County, 110 U.S. 558, 562 (1884); see also Nat'l City Mortg. Co. v. Navarro, 220 F.R.D. 102, 106 (D.D.C. 2004) (Urbina, J.).  Accordingly, this Court need not address the issue of venue and the former ADA claim.[2]

**III.    Plaintiff's FLSA Claim**

---

[2] Even if plaintiff had maintained his ADA claim in his second amended complaint, venue would still not be proper.  Venue, for the purposes of the ADA claims, is governed by the same provision as Title VII, 42 U.S.C. § 2002e-5(f)(3), which this Court has addressed above. 42 U.S.C. § 2002e-5(f)(3); see also El v. Belden, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) (Leon, J.).

Plaintiff has also brought the present suit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., alleging that defendant has "failed and refused to pay him the wages provided for under the FLSA...." (2d Am. Compl. ¶ 1.)  In his second amended complaint, plaintiff has alleged damages of $9,852 in wages and annual leave. (Id. at 11.)  Defendant has moved to dismiss, or in the alternative transfer this claim. (Def.'s Mot. from November 1, 2004 at 1-2.)  Defendant argues that the Tucker Act, 28 U.S.C. § 1346(a), applies to the case, and as such, venue is only proper in the "judicial district in which the plaintiff resides." (Def.'s Mot. from November 1, 2004 at 8 (citations omitted).)

In his original complaint, plaintiff had alleged damages of $12,000. (Compl. at 4.)  In his amended complaint, plaintiff reduced this amount $9,852. (1st Am. Compl. at 4.)  Additionally, in his first amended complaint, plaintiff requested a "Waiver pursuant to the Tucker Act" on the first page of the complaint (1st Am. Compl. at 1), and filed a response to defendant's opposition to plaintiff's waiver (Pl.'s Resp. from April 29, 2005).  It is unclear from the complaint, motions and responses submitted by plaintiff, however, which portion of the Tucker Act the plaintiff requests to be waived.  To the extent that plaintiff seeks to request a waiver of venue pursuant to the Tucker Act, this request for a waiver is denied.

The FLSA provides remedies for employees against employers who violate the minimum wage provisions, 29 U.S.C. § 206, or maximum hours provisions, 29 U.S.C. § 216, of the FLSA. 29 U.S.C. § 216(b).  This provision allows an employee to bring suit against an employer in violation of these provisions "in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Id.  The defendant correctly notes, however, that the FLSA is subject to the Tucker

Act, 28 U.S.C. § 1346(a).  See Waters v. Rumsfeld, 320 F.3d 265, 270 (D.C. Cir. 2003); Brooks v. Weinberger, 637 F. Supp. 22, 23 (D.D.C. 1986).

The Tucker Act grants jurisdiction to the district court along with the United States Claims Court for any "civil action or claim against the United States, not exceeding $10,000 in amount founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a).  Unlike Title VII cases which are subject to a separate venue provision, the FLSA does not have a similar venue provision for FLSA claims.  The FLSA merely states that an FLSA claim may be maintained "in any Federal or State court of competent jurisdiction."  29 U.S.C. § 216(b).  However, in a review of the legislative history of the FLSA, the purpose of adding the phrase "any court of competent jurisdiction" was not "to supplant the Tucker Act, but rather to allow state and local employees to bring FLSA claims in federal court." Brooks v Weinberger, 637 F. Supp. 22, 24 (D.D.C. 1986) (Flannery J.) (citing 1974 U.S. Code Cong. & AdNews at 2811, 2853 (1974)).  As such, on initial blush, an FLSA claim, even though subject to the Tucker Act, may be brought in a district court of competent jurisdiction.

In reviewing the venue provision of the Tucker Act, however, it is clear that venue is not proper in this district.  According to the Tucker Act, venue is only proper for an individual in the judicial district in which the plaintiff resides.  28 U.S.C. § 1402(a)(2); see also Brooks, 637 F. Supp. at 24.  Accordingly, in the instant case, venue for this FLSA claim under $10,000 would only be proper in the judicial district in which the plaintiff resides.  Since the plaintiff resides in Maryland, the proper judicial district is the District of Maryland.

Since venue for plaintiff's FLSA claim is improper in the District of Columbia, the claim may be transferred or dismissed pursuant to 28 U.S.C. § 1406(a).  The only appropriate forum is the District of Maryland.  Since plaintiff's Title VII and Rehabilitation Act claims will be transferred to the Eastern District of Virginia, and plaintiff's FLSA claim would lack venue in that district, the FLSA claim will be dismissed without prejudice.

### IV.     Plaintiff' Privacy Act and Whistleblower Protection Act Claims

In his second amended complaint, plaintiff has added claims pursuant to the Privacy Act, 5 U.S.C. § 552a, and the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8).  While a motion to transfer as to the these counts is not yet before this Court, a determination of whether a case should be transferred to an alternative venue "is committed to the sound discretion of the trial court." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 237 (1981).  According to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." Accordingly, plaintiff's Privacy Act and Whistleblower Protection Act claims, along with the Title VII and Rehabilitation Act claims should be transferred to the Eastern District of Virginia. Since most of the evidence and witnesses are located at USPTO in Virginia, the Eastern District of Virginia is the most convenient forum in the interest of justice.

### V.     Conclusion

According to the venue provision for Title VII and Rehabilitation Act claims, 42 U.S.C. § 2000e-5, the proper venue for plaintiff's Title VII and Rehabilitation Act claim is the Eastern District of Virginia.  As a result, this court will GRANT defendant's motion to transfer [7] as to plaintiff's Title VII and Rehabilitation Act claims, and will GRANT defendant's alternative

motion to dismiss [7] as to plaintiff's FLSA claim.  Plaintiff's FLSA claim will be dismissed without prejudice.  Furthermore, this Court will transfer, *sua sponte*, plaintiff's Privacy Act and Whistleblower Protection Act claims.

Additionally, this Court will DENY as moot plaintiff's first motion for leave to file an amended complaint [32] and will GRANT plaintiff's motion for leave to file a second amended complaint [40].

A separate Order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, July 29, 2005.